Roger C.S. LIN, et al., Appellants

v.

UNITED STATES of America and Republic of China (Taiwan), Appellees

No. 16-5149
September Term, 2016

United States Court of Appeals, District of Columbia Circuit.

Filed On: March 30, 2017

Charles H. Camp, Sr., Esquire, Law Offices of Charles H. Camp, Washington, DC, for Plaintiffs-Appellants

Benjamin Charles Mizer, Solicitor, U.S. Department of Justice, (DOJ) Office of the Assistant Attorney General, Washington, DC, Melissa Nicole Patterson, Attorney, Mark B. Stern, Attorney, U.S. Department of Justice, (DOJ) Civil Division, Appellate Staff, Washington, DC, for Defendant-Appellee United States of America

Thomas G. Corcoran, Jr., Laina Lopez, Berliner, Corcoran & Rowe, LLP, Washington, DC, for Defendant-Appellee Republic of China (Taiwan)

Before: MILLETT and WILKINS, Circuit Judges, and RANDOLPH, Senior Circuit Judge.

## JUDGMENT

Per Curiam

The court has considered this appeal on the record from the United States District Court for the District of Columbia and on the parties' briefs. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). After giving full consideration to the issues, we have determined that a published opinion is not needed. *See* D.C. CIR. R. 36(d). For the reasons stated below, it is

**ORDERED and ADJUDGED** that the judgment of the district court be affirmed.

Plaintiffs in this case—two residents of Taiwan and a political advocacy organization representing residents of Taiwan—challenge nationality decrees issued by the Republic of China in 1946. The challenged decrees supposedly deprived plaintiffs of their Japanese nationality and rendered them stateless. They seek a declaratory judgment against the United States and the Republic of China ("Taiwan") that the decrees were unlawful. They also seek damages against Taiwan for the tort of arbitrary denationalization. The district court dismissed plaintiffs' claims for lack of jurisdiction.

In 1946, the government of the Republic of China issued two decrees that reportedly "stripped" the people of the island of Taiwan (then known as Formosa) of their Japanese nationality and conferred on them a Republic of China nationality. Amended Complaint ¶¶ 8, 37, 39. Plaintiffs claim that the United States shares legal responsibility for these decrees. *Id.* ¶ 45-69. They allege that General Chiang Kai-shek, leader of the Republic of China when the decrees were issued, was administering Taiwan "as an agent" of the United States following Japan's surrender at the end of World War II. *Id.* ¶ 53. Plaintiffs further claim that, because of these decrees, they do not have an "internationally accepted nationality" to this day.[1] *Id.* ¶ 7.

The district court dismissed plaintiffs' claim for a declaratory judgment that the decrees were unlawful because plaintiffs had not demonstrated that the United States caused their injury or that a declaratory judgment against either defendant would redress the injury. *Lin v. United States*, 177 F.Supp.3d 242, 249-55 (D.D.C. 2016). The court also concluded that the political question doctrine prevented it from issuing a declaratory judgment. *Id.* at 255-57.

We affirm the district court's dismissal of the declaratory judgment claim against both the United States and Taiwan on the basis of redressability. We agree with the district court that plaintiffs' alleged loss of Japanese citizenship and resulting statelessness is an injury in fact. *Id.* at 250-51. But the plaintiffs did not establish that it is "likely, as opposed to merely speculative," that a declaratory judgment holding the 1946 decrees illegal would redress their injury. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotation omitted).

---

1. We discussed the subsequent political status of Taiwan in *Lin v. United States*, 561 F.3d 502, 504-05 (D.C. Cir. 2009). In 1949, when the communist party established the People's Republic of China on the mainland of China, General Chiang Kai-shek and his government fled to Taiwan and established the Republic of China in exile. *Id.* at 504. *See also* Amended Complaint ¶ 46. Both governments claim to be the legitimate government of China, including Taiwan. *Lin*, 561 F.3d at 505. The Republic of China governs the island of Taiwan. *Id.* The United States has since recognized the People's Republic of China as the legitimate government of China, but it maintains unofficial relations with the people of Taiwan and "strategic ambiguity with respect to sovereignty over Taiwan." *Id.* (internal quotation omitted). *See also* Amended Complaint ¶ 75.

Plaintiffs' injury can only be redressed by foreign nations not before the court. *See id.* at 562, 112 S.Ct. 2130. A declaratory judgment would not restore plaintiffs' Japanese citizenship, and it would not resolve Taiwan's international status. Even if we accepted plaintiffs' assertion that a declaratory judgment would inspire action by the United Nations, Appellant Br. at 38-42, the United Nations cannot confer citizenship or force a member-state to confer citizenship. Sovereign nations control their own citizenship. The United Nations' conventions to prevent statelessness do not require signatory nations to confer citizenship on the residents of Taiwan. *See generally Convention Relating to the Status of Stateless Persons*, 360 U.N.T.S. 117 (Sep. 28, 1954); *Convention on the Reduction of Statelessness*, 989 U.N.T.S. 175 (Aug. 30, 1961). The unusual status of residents of Taiwan is not new, and no nation has acted to redress it. Plaintiffs have not demonstrated that a court ruling invalidating the 1946 decrees would likely cause these foreign nations to provide relief. *See Cardenas v. Smith*, 733 F.2d 909, 914 (D.C. Cir. 1984); *Greater Tampa Chamber of Commerce v. Goldschmidt*, 627 F.2d 258, 263 (D.C. Cir. 1980).

Plaintiffs also sought damages from Taiwan for the tort of arbitrary denationalization. As we have already mentioned, plaintiffs have alleged an injury in fact. Taiwan concedes, and we agree, that their injury is "fairly traceable" to the 1946 decrees. *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130 (internal quotation and alteration omitted). Damages redress a wrong. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 96, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). The district court concluded that it did not have jurisdiction over Taiwan under the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1602-11. *Lin*, 177 F.Supp.3d at 257-59. We will not resolve the question. *Steel Company v. Citizens for a Better*

*Environment*, 523 U.S. 83, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998), prevents the court from assuming Article III jurisdiction, but we may address a case's merits in order to "avoid a doubtful issue of *statutory* jurisdiction." *Chalabi v. Hashemite Kingdom of Jordan*, 543 F.3d 725, 728 (D.C. Cir. 2008) (internal quotation omitted).

We affirm the district court's dismissal of the claim for damages on the alternative ground that the case is untimely. *See United States ex rel. Heath v. AT&T, Inc.*, 791 F.3d 112, 123 (D.C. Cir. 2015). The statute of limitations for a common-law tort is three years, D.C. Code § 12-301(8). The Republic of China issued the challenged decrees in 1946. Plaintiffs' 2015 complaint is more than sixty years too late.

Plaintiffs have not demonstrated a continuing tort, which can extend the statute of limitations. Under District of Columbia law, a continuing tort requires "(1) a continuous and repetitive wrong, (2) with damages flowing from the act as a whole rather than from each individual act, and (3) at least one injurious act ... within the limitation period." *Beard v. Edmondson and Gallagher*, 790 A.2d 541, 547-48 (D.C. 2002) (internal quotation omitted). Plaintiffs have not satisfied any of these requirements. Plaintiffs challenge two 1946 decrees, not a continuous course of conduct. They have not demonstrated that their injury comes from a course of conduct. And they do not allege any injurious act within the limitation period. Plaintiffs' continued statelessness does not create a continuing tort. Neither the "lingering effect of an unlawful act" nor a defendant's failure to right a past wrong is "itself an unlawful act." *AKM LLC dba Volks Constructors v. Sec'y of Labor*, 675 F.3d 752, 757 (D.C. Cir. 2012) (internal quotation omitted).

Once a plaintiff is, or should be, aware of the injury, the rationale for the continuous tort doctrine is inapplicable and the statute of limitations begins to run. *Beard,* 790 A.2d at 548. The plaintiff can then only recover for those portions of the continuing tort that occurred within the limitations period. *Id.* Plaintiffs do not claim that they only became aware of their loss of Japanese citizenship and statelessness within the last three years. Therefore, even if they could prove a continuing tort, they could only recover for acts within the last three years. And plaintiffs have not alleged any injurious acts in that period.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41.